UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>C. DAVIS, et al.,<br><br>    Defendants. | No. 2:15-cv-1434-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3  A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11 To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16 Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **III.    Screening Order**

24 The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds
25 that it must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff
26 alleges that he was successful in filing a state habeas petition as well as a federal civil rights
27 action. He claims that defendants Foulk and Barnes denied him access to the courts by
28 maintaining an inadequate law library because the library did not contain two specific cases.

Plaintiff claims that defendant Davis, in attempting to help plaintiff locate the two cases and to pursue his legal claims, also denied him access to the courts. Davis allegedly gave plaintiff bad legal advice, which resulted in the dismissal of his federal civil rights action. As discussed below, these allegations fail to state a proper First Amendment claim of being denied access to the courts.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* Inmates do not have "an abstract, freestanding right to a law library or legal assistance," and "cannot establish relevant actual injury simply by establishing that [the] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The right to litigation assistance "is limited to the tools prisoners need in order to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011). (quotations omitted). The right to legal assistance is limited to the pleading stage. *Id.*

Prisoners also have the right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials." *Silva*, 658 F.3d at 1102. An inmate alleging a violation of this right must show that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis*, 518 U.S. at 351; *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).

Plaintiff's complaint fails to demonstrate that he has been denied access to the courts in violation of the First Amendment. First, he alleges that he has successfully filed a state court petition and a federal civil rights complaint. Because the right to library access and legal assistance is limited to the pleading stage, plaintiff fails to state a claim. *See Silva*, 658 at 1102-03. Second, plaintiff fails to plead facts showing that his litigation efforts were unsuccessful due to active interference by prison officials. *See id.* at 1103 (including a prison official's confiscation of a state court conviction transcript before an appeal as an example of "active interference"). Injuries to life, liberty, or property that are inflicted by governmental negligence are not addressed by the United States Constitution. *Daniels v. Williams*, 474 U.S. 327, 333 (1986). The allegation that Davis provided plaintiff with bad legal advice, in an apparent attempt to assist plaintiff, shows negligence at worst and not active interference with plaintiff's attempts to access the courts.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

/////

/////

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV.  Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the CDCR filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this

/////

/////

5

action for failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  January 26, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6