UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAAHDI COLEMAN,

    Plaintiff,

v.

C. DAVIS, et al.,

    Defendants.

No. 2:15-cv-1434-KJM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A (ECF No. 5), he has filed an amended complaint (ECF No. 12).[1]

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] The court deems the May 12, 2017 amended complaint timely filed and therefore withdraws the May 10, 2017 recommendation of dismissal.

1

Like the original complaint, plaintiff claims that defendants Warden Barnes, Warden Foulk, and Law Librarian Davis, denied him his First Amendment right to access the courts. He claims that Davis failed to provide him with the substantive legal materials he needed in order to determine how to properly proceed with a federal civil rights action, and instead, instructed plaintiff to file an action in state court. ECF No. 12 at 9-12. Plaintiff claims that this litigation strategy – filing first in state court – ultimately caused his federal civil rights lawsuit to be dismissed as barred by *res judicata*. *Id.* at 12. The involvement of defendants Barnes and Foulk is limited to the allegation that plaintiff made them aware of the deficiencies in the law library but they did nothing in response. *Id.* at 3, 4.

These allegations do not demonstrate a violation of plaintiff's right to access the courts. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011) (prison officials are not required to provide affirmative assistance beyond the pleading stage, but may not actively interfere with subsequent litigation efforts). Plaintiff completed the pleading stage in both state and federal court. The allegation that Davis responded to plaintiff's request for legal assistance with bad advice shows negligence at worst and not active interference with plaintiff's attempts to access the courts. Moreover, the alleged failure of defendant Barnes or Foulk to address plaintiff's concerns about the law library did not cause plaintiff any actual injury for purposes of an access to courts claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002) (access to courts claim requires a showing that the defendant actually injured the plaintiff's litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement).

For these reasons, the access to the courts claim against defendants Barnes, Foulk, and Davis should be dismissed. And because the allegations are substantially similar to those in the original complaint but no closer to stating a cognizable claim, the court recommends that the claim be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

/////

Plaintiff does, however, allege enough facts to state a First Amendment retaliation claim against defendant Davis and may procced in this action as to that claim. Plaintiff claims that beginning in April of 2012 he began filing administrative complaints against Davis regarding her operation of the law library. ECF No. 12 at 8. In retaliation for those complaints, Davis allegedly: (1) regularly denied plaintiff copies; (2) began cutting plaintiff's library visits short; (3) and withheld legal materials from plaintiff that she had previously agreed to provide to him. *Id.* at 9-11. Sometime in 2014, plaintiff filed another administrative complaint against Davis. *Id.* at 12. She allegedly retaliated against plaintiff again by filing a false rules violation report charging plaintiff with falsifying documents. *Id.* at 12. Plaintiff claims he was in constant fear of punishment if he spoke about or reported any illegal conduct by staff. *Id.* at 13.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 10, 2017 findings and recommendations (ECF No. 10) are withdrawn.
2. The allegations in the pleading are sufficient to state a First Amendment retaliation claim against defendant Davis.
3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and one copy of the May 12, 2017 amended complaint.
4. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 form and two copies of the endorsed May 12, 2017 amended complaint.
5. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendant Davis pursuant to Federal Rule of Civil Procedure 4 without payment of costs. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that the First Amendment access to the courts claim against defendants Barnes, Foulk, and Davis be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

3

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN,<br><br>        Plaintiff,<br><br>   v.<br><br>C. DAVIS, et al.,<br><br>        Defendants. | No. 2:15-cv-1434-KJM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

    __1__    completed summons form

    __1__    completed forms USM-285

    __2__    copies of the endorsed May 12, 2017 amended complaint

 

_____

Plaintiff

Dated: